**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| CHRISTI J. HILKER, <br><br> Plaintiff, <br><br> vs. <br><br> CAPITAL ONE FINANCIAL CORPORATION, *et al.*, <br><br> Defendants. | Case No. 1:19-cv-995-RDA-JFA |

**DEFENDANTS' MOTION TO STAY OR, IN THE ALTERNATIVE,
FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT**

Defendants Capital One Financial Corporation, Capital One, N.A., and Capital One Bank (USA), N.A. (collectively, "Capital One") request that the Court stay all proceedings and deadlines in this action pending resolution of the motions for transfer and consolidation under 28 U.S.C. § 1407 that are currently pending before the Judicial Panel on Multidistrict Litigation ("JPML"). The JPML will hear oral argument on the Section 1407 motions on September 26, 2019, and Capital One anticipates an order regarding transfer and consolidation of this case and other related cases to be issued shortly thereafter.

This case is one of over 45 putative class actions filed in connection with the cyber incident that Capital One announced on July 29, 2019. Plaintiff filed the Complaint in this case on July 31, 2019. Capital One has not yet been served with the Complaint but has requested that Plaintiff's counsel provide Capital One with a Rule 4 Notice and Request to Waive Service of Summons.

On July 31, 2019, plaintiffs in a related case pending in the Western District of Washington, *Fadullon v. Capital One Financial Corporation, et al.*, Case No. 2:19-cv-01189

1

(W.D. Wash., filed July 30, 2019) filed a motion for consolidation and transfer under 28 U.S.C.
§ 1407 with the JPML in *In re Capital One Consumer Data Breach Litigation*, MDL No. 2915
(J.P.M.L. July 31, 2019) ("*In re Capital One*").  *See In re Capital One*, Dkt. No. 1.  That motion
seeks to have related actions consolidated with the *Fadullon* case and transferred to the Western
District of Washington for pretrial proceedings.  Subsequently, plaintiffs in other related cases
have filed briefs in the *In re Capital One* matter that support transfer and consolidation but seek
other transferee courts, including this District (*id.* at Dkt. Nos. 5 and 7) and the District of the
District of Columbia (*id.* at Dkt. No. 8).  Additionally, numerous notices of related actions have
been filed in *In re Capital One*, and additional related cases continue to be filed and are in the
process of being noticed to the JPML.

Given that over 45 putative class actions have been filed, all related to the same
underlying event and asserting the same or substantially similar factual allegations, the JPML is
highly likely to grant the motions for transfer and consolidation.  If it does, to conserve the
parties' resources and promote judicial economy, this case will be consolidated with the other
putative class actions for centralized pretrial proceedings in a single transferee court.  Under
these circumstances, "[c]ourts frequently grant stays while awaiting a JPML decision about the
inclusion of a pending case into an MDL . . . ."  *Commonwealth of Virginia ex rel. Integra Rec
LLC v. Countrywide Sec. Corp.*, No. 3:14-cv-706, 2015 WL 222312, at *3 (E.D. Va. Jan. 14,
2015); *see Clinton v. Gov't Employees Ins. Co.*, No. 2:16-cv-430, 2016 WL 9308421, at *1 (E.D.
Va. Nov. 23, 2016) ("[C]ourts frequently grant stays in cases when an MDL decision is
pending.") (internal quotation marks omitted); *Fisher v. United States*, No. CIV.A. 3:13-MC-08,
2013 WL 6074076, at *4 (E.D. Va. Nov. 18, 2013) (same); *Robinson v. DePuy Orthopaedics,
Inc.*, No. 3:12-cv-3, 2012 WL 831650, at *2 (W.D. Va. Mar. 6, 2012) ("Staying this action

pending the MDL Panel's decision . . . will serve the interests of judicial economy and efficiency and will avoid the needless duplication of work and the possibility of inconsistent rulings."); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (granting stay pending JPML's ruling because "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel"); *Bonefant v. R.J. Reynolds Tobacco Co.*, No. 07-60301-CIV, 2007 WL 2409980, at * 1 (S.D. Fla. July 31, 2007) ("[I]t is common practice for courts to stay an action pending a transfer decision by the JPML.").

Here, too, a short stay of proceedings until the JPML resolves the pending Section 1407 motions will promote judicial economy and sound judicial administration, avoid duplicative pretrial proceedings and potentially inconsistent pretrial rulings, and prevent prejudice to all parties.  In the alternative, should the Court decline to stay these proceedings, in order to afford Capital One adequate time to prepare an answer or response to the Complaint, Capital One requests that the Court extend its deadline to answer or respond to the Complaint to 30 days from an order denying the motion to stay.  Capital One's deadline to respond to the Complaint has not been extended previously.

A final note: the Plaintiff in another case filed in this District (represented by different counsel) filed a motion for consolidation and transfer in the case captioned *Castro v. Capital One Financial Corp.*, Civil Action No. 1:19-cv-1008 (E.D. Va.) ("*Castro*").  *See Castro*, Dkt. No. 5. That motion seeks to have cases filed in the Eastern District of Virginia relating to the Capital One cyber incident (and specifically, the cases listed on Exhibit A to that motion) transferred to the Richmond Division to be consolidated with the action captioned *Heath v. Capital One Financial Corp., et al.*, Case 3:19-cv-00555-JAG (E.D. Va., filed August 2, 2019) ("*Heath*").

For the reasons stated in Capital One's motion to reconsider the consolidation and transfer order entered in *Castro*, *see Castro*, Dkt. No. 13, Capital One opposes the *Castro* Plaintiff's request for consolidation and transfer to the Richmond Division. Among other reasons, that motion and the order granting it were based on an erroneous premise: that *Heath* was the first filed case in this District. It was not—it was the seventh case filed in this District. The case captioned *DuWayne Baird v. Capital One Financial Corp. et al.*, 1:19-cv-00979 (E.D. Va.), which was filed in the Alexandria Division on July 30, 2019, was the first filed case in this District. In all events, rather than transfer and consolidate the cases filed in this District for the purpose of holding interim pretrial proceedings, the appropriate course in these circumstances is simply is simply to stay the related actions pending the JPML's decision.

Capital One respectfully requests that this Court stay all proceedings in this matter until the JPML rules on the transfer of this case. In the alternative, should the Court decline to stay these proceedings, in order to afford Capital One adequate time to prepare an answer or response to the Complaint, Capital One requests that the Court extend its deadline to answer or respond to the Complaint to the later of 30 days from an order denying the motion to stay or 30 days from the date that Capital One would otherwise be required to respond under Federal Rule of Civil Procedure 12. A proposed order is attached for the Court's consideration as Exhibit A**.**

Respectfully submitted, this 15th day of August, 2019.

/s/ Mary C. Zinsner_____

Mary C. Zinsner (VSB No. 31397)
TROUTMAN SANDERS LLP
401 9th Street, NW, Suite 1000
Washington, DC 20004
Telephone: (703) 734-4334
Facsimile: (703) 734-4340
mary.zinsner@troutman.com


Robert A. Angle (VSB No. 37691)
Jon S. Hubbard (VSB No. 71089)
Harrison Scott Kelly (VSB No. 80546)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
robert.angle@troutman.com
jon.hubbard@troutman.com
scott.kelly@troutman.com

David L. Balser (*pro hac vice forthcoming*)
S. Stewart Haskins II (*pro hac vice forthcoming*)
John C. Toro (*pro hac vice forthcoming*)
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
shaskins@kslaw.com
jtoro@kslaw.com

*Counsel for Capital One Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 15th, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

>                    */s/ Mary C. Zinsner*_____
>                    Mary C. Zinsner (VSB No. 31397)
>                    TROUTMAN SANDERS LLP
>                    TROUTMAN SANDERS LLP
>                    401 9th Street, NW
>                    Suite 1000
>                    Washington, DC 20004
>                    Telephone: (703) 734-4334
>                    Facsimile: (703) 734-4340
>                    mary.zinsner@troutman.com